UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WAYNE THOMPSON, SR., | : : | |
| Petitioner | : : | CIVIL ACTION NO. 3:15-CV-0460 |
| v. | : : | (Judge Nealon) |
| M.I. HAUSER; WARDEN BALTAZAR, | : : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

Petitioner, Timothy Wayne Thompson, Sr., an individual currently incarcerated in the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The required filing fee has been paid. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

1. Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Habeas corpus petitions brought under section 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those Rules, which provides that "[i]n applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States District Court." This Court has long found Rule 4 applicable to habeas proceedings brought under section 2241, <u>see</u>, <u>e.g.</u>, <u>Heath v. Bell</u>,

Petitioner claims that he is currently serving a sentence imposed by the United States District Court for the Middle District of North Carolina for a conviction pursuant to 21 U.S.C. § 841(a)(1)[2] and (b)(1)(B).[3] (Doc. 1, p. 1). Petitioner is challenging the denial of his request to transfer to another federal correctional institution. (Id. at pp. 2-3, 10-19). According to Petitioner, he is "outside [of his] region and ha[s] not seen [his] love one's in five years." (Id. at p. 2).

Thus, Petitioner filed the instant action in which he requests to be transferred to an "appropriate low in custody institution in [his] region and closer

---

448 F. Supp. 416, 417 (M.D. Pa. 1977), and there is no sound reason not to apply Rule 4 in this case. See Houston v. Sanders, 2015 U.S. Dist. LEXIS 40118, *2 (M.D. Pa. Mar. 20, 2015) (Brann, J.) ("The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.").

2. Section 841(a)(1) of Title 21 states that "it shall be unlawful for any person knowingly or intentionally...to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance...."

3. Plaintiff states that he was also convicted under 21 U.S.C. § 841(b)(1)(B) for distribution of "cocaine base 'crack.'" (Doc. 1, p. 1). Section 841(b) sets forth, inter alia, the "threshold amount of crack cocaine necessary for the imposition of the mandatory minimum sentences...." United States v. Brown, 574 F. App'x 176, 177 (3d Cir. 2014).

to [his] family...."[4] (Doc. 1, p. 8).

**Discussion**

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). In the instant petition, Petitioner is neither seeking speedier nor immediate release from custody. Rather, he is seeking a transfer to an "appropriate low in custody institution in my region and closer to my family...." (Doc. 1, p. 8). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882, 883-84 (3d Cir. 2007) (Petitioner's request to be transferred to

---

4. Petitioner also seeks one hundred thousand dollars ($100,000.00) in compensatory damages "for the undue hardship that this has cause[d] me and my family."

an institution closer to his family was not properly brought pursuant to 28 U.S.C. § 2241 and thus, the District Court was without jurisdiction to consider the petition); Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993); Fleming v. Sauers, 2013 U.S. Dist. LEXIS 103716, *11-12 (M.D. Pa. 2013) (Nealon, J.) (Petitioner's challenge as to where he is incarcerated deemed a claim that does "not challenge the legality of detention" and is "not properly raised in a habeas corpus claim pursuant to 28 U.S.C. § 2241") (citing Preiser, 411 U.S. at 494; Leamer v. Fauver, 288 F.3d 532, 544 (3d Cir. 2002)); Buenrosto v. Zickefoose, 2013 U.S. Dist. LEXIS 4360, *6-7 (D.N.J. 2013) (Petitioner's constitutional challenges were subject to dismissal "since he has no liberty interest in being housed at the facility of his choice (or at the facility located within the geographic region of his choice).") (citing Wilkinson v. Austin, 545 U.S. 209 (2005); Meachum v. Fano, 427 U.S. 215, 224-25 (1996); Olim v. Wakinekona, 461 U.S. 238 (1983); Montanye v. Haymes, 427 U.S. 236, 243 (1976)). Therefore, his claims are not properly asserted in a habeas petition brought under section 2241, but rather could be pursued through the filing of a civil rights claim.

Accordingly, the claims in the instant petition are not appropriate under a section 2241 petition and will be dismissed. Furthermore, the petition will be dismissed without prejudice to any right Petitioner may have to reassert his present

claims in a properly filed civil rights complaint.[5]  See Wool v. York Cnty. Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").  A separate Order will be issued.


Dated:  April 8, 2015                                          /s/ William J. Nealon               
                                                                              **United States District Judge**

---

5.   In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.